UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SCOTT EDEN,

                                               Plaintiff,        **COMPLAINT**

                -against-                               12 Civ. 5904 (JGK)

THE CITY OF NEW YORK, P.O. RICHARD JOHN, and     **JURY TRIAL DEMANDED**
P.O.  KENNETH INGRAM, individually and in their
official capacities,

                                        Defendants.

-------------------------------------------------------------------X

Plaintiff SCOTT EDEN, by his attorney, ROSE M. WEBER, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also asserts supplemental state law tort claims.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff SCOTT EDEN is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City of New York and the State of New York.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. That at all times hereinafter mentioned, the individually named defendants P.O. RICHARD JOHN and P.O. KENNETH INGRAM were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

**FACTS**

13. On July 21, 2011, at approximately 9:30 p.m., plaintiff SCOTT EDEN was placed under arrest by defendants P.O. RICHARD JOHN and P.O. KENNETH INGRAM

14. Defendants transported plaintiff SCOTT EDEN from 37 Lenox Avenue, New York, New York to the 28th Precinct of the New York City Police Department.

15. When defendants' vehicle arrived at the 28th Precinct, they dragged plaintiff SCOTT EDEN out by one arm and threw him face-first to the ground.

16. Defendants kicked plaintiff SCOTT EDEN in the back and dragged him on the ground.

17. When defendants presented plaintiff SCOTT EDEN to the desk officer at the 28th Precinct, plaintiff was bleeding so heavily that the desk officer instructed defendants to take plaintiff to the hospital.

18. Defendants summoned an ambulance and plaintiff SCOTT EDEN was transported to the emergency room at St. Luke's Hospital, where he was treated for the injuries that defendants had inflicted.

19. As a result of the unprovoked assault by defendants, plaintiff SCOTT EDEN sustained, *inter alia*, injuries to his back and abrasions and lacerations (requiring suturing) to his

arm.

20. Members of the New York City Police Department have a custom and practice of using excessive force after individuals are already in custody.

21. The existence of the aforesaid custom and practice may be inferred from repeated occurrences of similar wrongful conduct, as documented in, *inter alia*, the following civil rights actions filed against the City of New York:

- **Priscilla Colon v. City of New York,** United States District Court, Southern District of New York, 10 Civ. 4348;
- **Ribichay Khaimov v. City of New York,** United States District Court, Eastern District of New York, 08 CV 2748;
- **Norman Smith v. City of New York,** United States District Court, Southern District of New York, 08 Civ. 10425;
- **Danny Rodriguez and Jose Rodriguez v. City of New York,** United States District Court, Southern District of New York, 06 Civ. 0357;
- **Reginald McMillan v. City of New York,** United States District Court, Eastern District of New York, 04 CV 3990;
- **Isaac Ovadiah v. City of New York,** United States District Court, Eastern District of New York, 03 CV 5762;
- **Maryanne Guckenberger v. City of New York,** United States District Court, Southern District of New York, 05 Civ. 1561;
- **Jonathan Taylor v. City of New York,** United States District Court, Southern District of New York, 09 Civ. 0403;
- **Marlon Baynes v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11185.

22. This documented culture of violence within NYPD, in which excessive force against those already under arrest is both prevalent and acceptable, was a proximate cause of the actions of the defendant police officers and of plaintiff's damages.

23. As a result of the foregoing, plaintiff SCOTT EDEN sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his

constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiff SCOTT EDEN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

30. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31. The level of force employed by defendants was objectively unreasonable and in violation of plaintiff SCOTT EDEN's constitutional rights.

32. As a result of the aforementioned conduct of defendants, plaintiff SCOTT EDEN was subjected to excessive force and sustained physical injuries.

### THIRD CLAIM FOR RELIEF
### FAILURE TO INTERVENE

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34. Each and every individual defendant had an affirmative duty to intervene on plaintiff SCOTT EDEN's behalf to prevent the violation of his constitutional rights.

35. The individual defendants failed to intervene on plaintiff SCOTT EDEN's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

36. As a result of the aforementioned conduct of the individual defendants, plaintiff SCOTT EDEN's constitutional rights were violated and he was subjected to excessive force and sustained physical injuries.

### FOURTH CLAIM FOR RELIEF
### MUNICIPAL LIABILITY

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, using excessive force after individuals are already in custody.

40. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SCOTT EDEN.

41. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SCOTT EDEN as alleged herein.

42. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff SCOTT EDEN as alleged herein.

43. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff SCOTT EDEN was unlawfully subjected to excessive force.

44. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SCOTT EDEN's constitutional rights.

45. All of the foregoing acts by defendants deprived plaintiff SCOTT EDEN of federally protected rights, including, but not limited to, the right:

    A. Not to have excessive force imposed upon him;

    B. Not to have cruel and unusual punishment imposed upon him; and

    C. To receive equal protection under the law.

46. As a result of the foregoing, plaintiff SCOTT EDEN is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

## PENDANT STATE CLAIMS

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50-e.

49. The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

50. The City of New York failed to demand a hearing pursuant to General Municipal Law § 50-h and said hearing is therefore deemed to have been waived.

51. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

52. Plaintiff has complied with all conditions precedent to maintaining the instant action.

53. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

## FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
## ASSAULT

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants' aforementioned actions placed plaintiff SCOTT EDEN in apprehension of imminent harmful and offensive bodily contact.

56.     As a result of defendants' conduct, plaintiff SCOTT EDEN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

57.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.     Defendant police officers touched plaintiff SCOTT EDEN in a harmful and offensive manner.

59.     Defendant police officers did so without privilege or consent from plaintiff SCOTT EDEN.

60.     As a result of defendants' conduct, plaintiff SCOTT EDEN has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING AND RETENTION

61.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     Upon information and belief, defendant City of New York failed to use reasonable care in the hiring and retention of the aforesaid defendants who conducted and participated in the assault on plaintiff SCOTT EDEN.

63. Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the defendants P.O. RICHARD JOHN and P.O. KENNETH INGRAM to engage in the wrongful conduct heretofore alleged in this Complaint.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT TRAINING AND SUPERVISION

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the assault on and arrest of plaintiff SCOTT EDEN.

66. As a result of the foregoing, plaintiff SCOTT EDEN is entitled to compensatory damages in the sum of two million dollars ($2,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of two million dollars ($2,000,000.00).

**WHEREFORE**, plaintiff SCOTT EDEN demands judgment in the sum of two million dollars ($2,000,000.00) in compensatory damages and two million dollars ($2,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:   New York, New York
         July 31, 2012

                                                    _____/s_____
                                                    ROSE M. WEBER (RW 0515)
                                                    225 Broadway, Suite 1607
                                                    New York, NY 10007
                                                    (212) 748-3355